UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK



-----------------------------------------------------------

Markel American Insurance Company,

                    Plaintiff,

vs.                                         Answer
                                            Civil Action No. 6:11-CV-1347
                                            (GLS/ATB)

Darlene Walters, and
John Lichorowic,

                    Defendants.

-----------------------------------------------------------

      The defendants, by and through their attorney, Ralph W. Fusco, Esq., as and for an Answer to the plaintiff's complaint, set forth as follows:

    1.    **ADMITS** the allegations set forth in paragraphs "2", "8", and "9".

    2.    **DENIES** information or knowledge sufficient to form a belief as the allegations set forth in paragraphs "1", "5" and "7".

    3.    As to paragraph "3", defendants concede that the court may have jurisdiction over the cause set forth in plaintiff's complaint, but that full relief cannot be obtained in this court, and that this action is, in reality, a general contract case, and is not specifically an admiralty matter, and should not be entertained by this court.

    4.    As to paragraph "4", defendants do not agree that this action is strictly an admiralty matter, and that accordingly, this court should decline to consider this action because a New York Supreme Court action which has full jurisdiction to consider all issues has been commenced.

    5.    As to paragraph "6", while this court may have jurisdiction concerning the insurance contract between the plaintiff and the defendants, this court does have all parties involved in this matter before this court. Further this action is not strictly an admiralty

---

matter. Rather, it is an action on a simple contract involving more parties than are set forth in this action, and thus should be dismissed in favor of the New York State Supreme Court action which has been commenced which does have all parties jurisdictionally before it.

6. With regard to paragraph "15", defendants admit that the vessel was damaged.

7. With regard to paragraph "15", defendants admit that the vessel was damaged.

8. With regard to paragraph "16", defendants admit that they reported the loss.

9. With regard to paragraph "17", defendants admit that the plaintiff disclaimed coverage for the defendants' loss.

10. **DENIES** the allegations set forth in paragraphs "11", "10", "12", "13", "14", "18" and "19", of the plaintiff's complaint.

*For a First Affirmative Defense.*

11. The plaintiff has failed to join a necessary party, without which, full relief cannot be granted by this court, as required by Rule 19(a)(1).

*For a Second Affirmative Defense.*

12. A New York State Supreme Court action has already been commenced under Oneida County Index No. CA2011-002574, which action has all necessary parties before it, and which otherwise has full in personam and subject matter jurisdiction to render full relief as to all pertinent issues, such that this action should be dismissed.

*For a Third Affirmative Defense.*

13. This action is not an admiralty action. Rather, it is a simple contract action, which can be determined under New York substantive law, such that this action should be dismissed.

*For a Fourth Affirmative Defense.*

14.     The insurance contract between the plaintiff and the defendants, and which was renewed, set forth no "lay up" period, so that a "lay up" suspension did not apply in this case to deny coverage to the defendants.

15.     Any alleged "lay up" requirement was unilaterally imposed by plaintiff after plaintiff had already agreed to terms of insurance coverage which set forth no "lay up" requirement whatsoever, so that defendants were never bound by any "lay up" requirement in this loss, and coverage was improperly denied.

*Wherefore*, defendants demand judgment dismissing this action, and referring this case to the New York State Supreme Court matter already commenced, for determination and disposition, together the costs and disbursements of this action.

Dated: January 14, 2012

Yours, etc.,

Ralph W. Fusco, Esq.
Attorney for defendants
Office & PO Address
2311 Genesee Street
Utica, New York 13501
(315) 724-3115

To: James E. Mercante, Esq.
Rubin, Fiorella & Friedman, LLP
Attorneys for plaintiff
292 Madison Avenue, 11th Floor
New York, New York 10017

STATE OF NEW YORK
SUPREME COURT    COUNTY OF ONEIDA

John Lichorowic and Darlene Walters
~~7175 Davis Road~~
Rome, NY 13440

      Plaintiff,

vs.               *Summons*

Markel American Insurance Company
N14 W23800 Stone Ridge Drive
Waukesha, WI 53188

and

WB Payne Co., Inc.
2113 Genesee Street
Utica, NY 13501



2011426906   Clerk PF

CA2011-002574
11/15/2011
Pages 1
CIVIL INDEX NUMBER
Sandra J. DePerno, Oneida County Clerk

      Defendants.

TO THE ABOVE NAMED DEFENDANTS

  YOU ARE HEREBY SUMMONED to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

  Plaintiff designates Oneida County as the place of trial.
  The basis of venue is plaintiff's residence.

  Plaintiff resides at:  see caption.

Dated: November 14, 2011

      Yours, etc.,

      Ralph W. Fusco, Esq.
      Attorney for Plaintiff
      Office & PO Address
      2311 Genesee Street
      Utica, New York 13501
      (315) 724-3115

---

*Ralph W. Fusco, Esq.* - 2311 Genesee Street - Utica, New York 13501

STATE OF NEW YORK
SUPREME COURT        COUNTY OF ONEIDA

John Lichorowic and Darlene Walters,

                          Plaintiff,

vs.                                      *Complaint*

Markel American Insurance Company
and WB Payne Co., Inc.

                          Defendants.



CA2011-002574
11/15/2011
Pages 1
CIVIL INDEX NUMBER
Sandra J. DePerno, Oneida County Clerk

      The plaintiffs, as and for a Complaint, by and through their attorney, Ralph W. Fusco, Esq., set forth as follows:

      1.    That at all times hereinafter mentioned, the plaintiffs were and still are residents of the County of Oneida and State of New York.

      2.    That upon information and belief and at all times hereinafter mentioned, the defendant, Markel American Insurance Company was and still is a corporation duly organized and existing under and by virtue of the laws of a state other than New York, and is in the business of selling marine insurance policies to customers which cover property damage losses to boats.

      3.    That upon information and belief and at all times hereinafter mentioned, the defendant, WB Payne Co., Inc., is an insurance agency organized and existing under and by virtue of the laws of the State of New York, and which acts as broker and agent for insurance companies such as the defendant Markel American Insurance Company, to sell and market their insurance policies to the public at large, including the plaintiffs herein.

      4.    That upon information and belief, on and prior to October 5, 2011, the defendant insured a 2006 Chaparral 330 Yacht against losses such as hull damage under policy number MHY00000014539.

      5.    That in October of 2008, through the plaintiffs' agent, defendant WB Payne, the plaintiffs and the defendant Markel agreed to provide insurance coverage for the

plaintiffs' 2006 Chaparral 330 boat in accordance with the Rate Indication and quote dated 10/3/2008, which is attached hereto and made a part hereof.

6. That in accordance with the insurance coverage offer from the defendant Markel, through their agent, defendant W B Payne, coverage for the plaintiffs' boat was offered at the rate of $886.00 in yearly premium, to extend coverage for the boat including the hull, in addition to other endorsements, yearly.

7. That specific to said offer and quote was that coverage would be extended and there would be no "lay-up" requirement, as set forth prominently on the facing page of the quote, attached hereto.

8. Said quote by the terms set forth by the defendants, themselves, was "valid for 30 days", from the date of the quote, namely 10/3/08 or until 11/2/08. In addition, the facing page stated that to accept this quote and offer, a payment of 50% down must accompany plaintiffs' acceptance of the quote.

9. Plaintiff John Lichorowic signed the quote on 10/20/08 and within 30 days of the date of the quote and did forward a check for 50%, or $443.00 to the defendants, which check was cashed on 10/31/08, signifying defendants' agreement to the terms of the quote and coverage, in accordance with defendants' offer dated 10/3/08.

10. That said terms of this quote were renewed thereafter and at no time did the plaintiffs ever agree to terms of coverage which were different from what was set forth in the original offer of coverage from the defendants.

11. That on October 5, 2011, during which time all premiums had been paid, plaintiffs suffered a covered loss to their boat in the amount of $14,105.00.

12. Plaintiffs have duly applied for coverage for reimbursement of their loss to the plaintiffs' boat, in accordance with plaintiffs' agreement with defendants, but defendants have now failed and refused to pay for said loss citing conditions of coverage to which plaintiffs have never agreed, and which have no merit to avoid payment by defendants.

13. That by reason of the premises, there is due and owing to the plaintiff from the defendant, the sum of $14,105.00, minus the appropriate deductible, together with the costs and disbursements of this action and interest from the day of application for coverage, no part of which has been paid.

WHEREFORE, plaintiff demands judgment against the defendant in the sum of Fourteen Thousand One Hundred Five Dollars and 00/00 ($14,105.00 ), together with

interest thereon from October 7, 2011, together with the costs and disbursements of this action.

Dated: November 14, 2011

*signature*

Ralph W. Fusco, Esq.
Attorney for Plaintiff
Office & PO Address
2311 Genesee Street
Utica, New York 13501
(315) 724-3115

Indication of Premium quoted through:


**MARKEL**

# MARKEL AMERICAN INSURANCE COMPANY
## RATE INDICATION

| Quote Number: QT00000030438 | Date: 10/03/2008 | Quote valid for 30 days |
|---|---|---|
| Insured:<br>DARLENE WALTERS + John A. Lichcrowic<br>7175 DAVIS RD<br>Rome, NY 13440-0508 | Your Agent:   3157243173<br>FRIEDLANDER INS/WB PAYNE<br>2113 GENESEE STREET<br>UTICA, NY 13501 | |

## Full Annual Premium: $886.00

**YACHT DESCRIPTION:** 35 ' 2006 CHAPARRAL 330   **HIN:**
**TENDER:**

**MOORING LOCATION:** Rome, NY 13440
**NAVIGATION LIMITS:** Inland lakes, rivers and waterways of CT, DE, DC, ME, MD, MA, NH, NJ, NY, RI, VT & VA.

**LAY-UP:** None   **FROM:**   **TO:**

| COVERAGES | LIMIT | DEDUCTIBLE | PREMIUM |
|---|---|---|---|
| Hull, Agreed Value | $95,000 | $1,900 | $635 |
| Protection and Indemnity | $300,000 | | $236 |
| Uninsured Watercraft | $300,000 | $0 | incl. |
| Medical Payments | $10,000 | $0 | incl. |
| Oil Pollution Liability | $800,000 | $0 | incl. |
| Longshore and Harbor Workers' Compensation | Incl. | | Incl. |
| Personal Effects | $5,000 | $250 | $15 |
| Emergency Towing and Assist | $750 | $0 | incl. |
| Rental Reimbursement | $1,000 | $250 | incl. |

Endorsement Premium Total: $0
Taxes & Fees: $0.00
Unit Total Premium: $886
Total Annual Premium: $886.00

**Remarks:**

*[handwritten: 58.40 / 58.80 / 65.80 / 265.80]*

**Payment Options** *(all payment plans will include an Installment Fee on each payment):*

2 Payments (Premiums greater than $500):  50% down, 50% due in 60 days.

3 Payments (Premiums greater than $750):  40% down, 30% due in 60 days, 30% due in 120 days.

6 Payments (Premiums greater than $1,500):  30% down, 15% due in 30, 90, 120, 150 days and 10% due in 180 days.

1

*[handwritten: need Ck ...check... n ..se.]*

# YACHT INSURANCE APPLICATION

10/3/2008

**MARKEL** BINDING: This is an application for insurance. You must submit a fully completed application and premium to our office in order for coverage to be considered.

**Policy Period: From:** _____ **To:** _____   **QUOTE NUMBER:** QT00000030438

## AGENT INFORMATION

FRIEDLANDER INS/WB PAYNE
UTICA, NY 13501
2113 GENESEE STREET

| | |
|---|---|
| Agency ID Number: | 10312 - 963870 |
| Agency Phone Number: | 3157243173 |
| Agency Fax Number: | |

## APPLICANT INFORMATION

DARLENE WALTERS + John A Licharowie
7175 DAVIS RD
Rome, NY 13440-0508

| | |
|---|---|
| Primary Phone Number: | 315-865-5887 |
| Second Phone Number: | |
| Applicant Social Security Number: | |

Applicant is the Titled Owner? ☒Yes ☐No If no, please explain: _____
Corporately Titled? ☐Yes ☐No
Residence Is: ☐Owned ☐Rented

Applicant's current Employer & Occupation (If self-employed, advise type of business): _____
Prior Insurer: _____

Years Employed: If less than 2yrs, list previous: _____

## YACHT INFORMATION

| Hull Type | Propulsion | Length | Max. Speed | Hull Material | Fuel Type |
|---|---|---|---|---|---|
| Cruiser/Express Cruiser | | 35 | 47 | Fiberglass | Diesel |

| PROPERTY | Year | Manufacturer Name | Model Name | Hull ID/Serial Number (HIN) | Purchase Date | Purchase Price |
|---|---|---|---|---|---|---|
| YACHT | 2006 | CHAPARRAL | 330 | | / | |
| 2 ENGINE(S) | 0 | | Total HP: 660 | | Total Value of Yacht, Engine & Equipment: | $95,000 |
| | Serial #'s: | | | | | |
| TRAILER | Year | Manufacturer | Model | Serial Number | Trailer Value: | |
| TENDER | Description: | | | | Tender Value: | |

Safety Equipment: ☐Monitoring System ☐Radar ☐CO Detector ☐Auto Fire Extinguisher ☐EPIRB ☐VHF
☐High Water Alarm ☐Outboard/Outdrive Locks ☐GPS ☐Depth Finder ☐Weatherfax

## YACHT NAVIGATION LIMITS & USAGE

Navigation Limits: Inland lakes, rivers and waterways of CT, DE, DC, ME, MD, MA, NH, NJ, NY, RI, VT & VA.

Usage: _____   If Charter, how many charters per year? _____   # of Paid Crew: _____

## YACHT STORAGE INFORMATION

**MOORING LOCATION OF YACHT IN SEASON -**
Address, City, State, Zip - Marina Name (If applicable)
7175 DAVIS RD

Rome, NY 13440
Location Type:
ResidenceLand

**LAY-UP LOCATION:** _____

Location Type: _____

**OPERATING PERIOD:** ☐Year Round ☐Seasonal
**LAY-UP DATES: FROM:** _____ **TO:** _____
**LAY-UP TYPE:** None

How often will Yacht be trailered to Area of Use? _____ Times/Per Year
Type of Vehicle Used to Tow Yacht: Make/Model:

One Way Distance: _____ Miles
BY SIGNING THIS APPLICATION, I WARRANT THAT THE VEHICLE HAS A TOW CAPACITY RATING THAT IS ADEQUATE TO PULL THE YACHT AND TRAILER.

For Transit & Storage Only Policy (no navigation extended):

Storage Location: _____

Radius of transit from storage location: _____

## OPERATOR INFORMATION

| PRIMARY Operator Name | | | | Date of Birth 8-13-53 | Years Boating Experience | Yrs of Boat Ownership | Licensed Captain? |
|---|---|---|---|---|---|---|---|
| ~~DARLENE WALTERS~~ John Lichorowic | | | | ~~1955-10-29~~ | 35 | 28 | ☐ YES  ☒ NO |

| PRIOR BOATS YOU HAVE OPERATED | Year | Length | Manufacturer and Model Name | Dates Operated (from/to Month/yr) | | Owned Y/N |
|---|---|---|---|---|---|---|
| | 99 | 24 | SEA RAY SUNDANCER | 2003 | 2008 | Y |
| | 86 | 20 | BAJA SUNSPORT | 86 | 03 | Y |
| | 78 | 36 | CHRIS CRAFT | 78 | 82 | N |

Licenses Obtained or Boating Courses Completed:

Describe ALL prior Marine Losses. If none, state "None"   List and describe all motor vehicle violations/accidents in the past three years for this operator.

NONE

### LOSS PAYEE INFORMATION
Name and Address

### ADDITIONAL INTEREST INFORMATION
Name and Address

Explain interest:

### ELIGIBILITY QUESTIONS

| | YES | NO |
|---|---|---|
| Have the yacht or engine(s) been modified or altered from their stock condition? | ☐ | ☒ |
| Is this yacht currently up for sale? | ☐ | ☒ |
| During the past three years, have any operators had their driver's licenses suspended, revoked or refused? | ☐ | ☒ |
| During the past three years, has any operator had any boat or automobile insurance canceled, been refused issuance or renewal, or received notice of such intent? If Yes, please explain below: (MO residents need not answer) | ☐ | ☒ |
| Have the owner(s) or any operator(s) ever been convicted of a felony? If yes, explain below: | ☐ | ☒ |

REMARKS:

### COVERAGES AND PREMIUMS

| COVERAGES | LIMITS / VALUE | DEDUCTIBLE | PREMIUM |
|---|---|---|---|
| Hull, Agreed Value | $95,000 | $1,900 | $635 |
| Protection and Indemnity | $300,000 | | $236 |
| Uninsured Watercraft | $300,000 | $0 | incl. |
| Medical Payments | $10,000 | $0 | incl. |
| Oil Pollution Liability | $800,000 | $0 | incl. |
| Longshore and Harbor Workers' Compensation | Incl. | | Incl. |
| Personal Effects | $5,000 | $250 | $15 |
| Emergency Towing and Assist | $750 | $0 | incl. |
| Rental Reimbursement | $1,000 | $250 | incl. |

| | | |
|---|---|---|
| | ENDORSEMENT PREMIUM: | $0 |
| | UNIT PREMIUM: | $886 |
| NOTE: Premium on Total Losses may be fully earned. | TOTAL TAXES OR FEES: | $0.00 |
| MINIMUM WRITTEN PREMIUM: $250.00 | TOTAL PREMIUM: | $886.00 |

Page 2 of 3

**QUOTE NUMBER:** QT00000030438

## APPLICANT'S STATEMENT AND SIGNATURE - MANDATORY

This notice is given in compliance with the Federal Fair Credit Reporting Act (Public Law 91-508) and the Consumer Credit Reform Act of 1996 I understand that as a part of the Company's underwriting procedure, a routine inquiry may be made which will provide applicable information concerning character, general reputation, personal characteristics, mode of living and driving record. Upon written request, additional information as to the scope of the report, if one is made, will be provided.

I have read this application and the entries on it. I understand that if my watercraft is used for any business or commercial purposes, is used in any official or pre-arranged race, contest or event, is rented or leased to others, or is being held for sale, that this type of usage will void the obligation of the Company to cover any claims that might occur. I understand that if an ACV policy is purchased, the maximum limit of liability for hull coverage is the actual cash value (ACV) at the time of loss or the stated ACV above, whichever is less. The foregoing statements made and signed by the owner(s) represents the information set forth as correct and a true basis on which insurance may be granted but it in no way binds the applicant to accept quotation or insurers to accept risk.

**FRAUD WARNING:** It is a crime to knowingly provide false, incomplete or misleading information to an insurance company for the purpose of defrauding the company. Penalties include imprisonment, fines, and denial of insurance benefits. Your state may have specific warnings against filing false claim information. If your boat is located in AZ, CA, NY, OR or PA, please read the state specific fraud warnings below:

### STATE SPECIFIC FRAUD WARNINGS

| | |
|---|---|
| AZ | For your protection Arizona law requires the following statement to appear on this form: ANY PERSON WHO KNOWINGLY PRESENTS A FALSE OR FRAUDULENT CLAIM FOR PAYMENT OF A LOSS IS SUBJECT TO CRIMINAL AND CIVIL PENALTIES. |
| CA | For your protection California law requires the following to appear on this form: ANY PERSON WHO KNOWINGLY PRESENTS FALSE OR FRAUDULENT CLAIM FOR THE PAYMENT OF A LOSS IS GUILTY OF A CRIME AND MAY BE SUBJECT TO FINES AND CONFINEMENT IN STATE PRISON. |
| NY | Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation. |
| OR | Any person who makes an intentional misstatement that is material to the risk may be found guilty of insurance fraud by a court of law. |
| PA | Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and subjects such person to criminal and civil penalties. |

### STATE SPECIFIC INSURANCE SCORE NOTIFICATIONS

| | |
|---|---|
| AK & CT | In connection with this application for insurance, we will review the unit owner's credit report or obtain or use a credit-based insurance score based on the information contained in that credit report. We may use this information to decide whether to insure you or how much to charge. We may use a third party in connection with the development of your insurance score. |
| KS | To offer you an accurate quote in connection with this application for insurance we will review the unit owner's credit report or obtain or use a credit-based insurance score based on the information contained in that credit report. We may use a third party in connection with the development of your insurance score. Future reports may be used to update or renew your insurance. The company has established an internal appeal process allowing you to provide documentation to establish the existence and duration of personal circumstances justifying that certain adverse credit information not be |
| NM | In connection with your application for insurance coverage, we may review and use information contained in the unit owner's credit report to help determine your premium or your eligibility for coverage. Future reports may be used to update or renew your insurance. |
| NY | In connection with this application for insurance, we will review the unit owner's credit report or obtain or use a credit-based insurance score based on information contained in that report. An insurance score uses information from the credit report to help predict how often you are likely to file claims and how expensive those claims will be. Typical items from a credit report that could affect a score include, but are not limited to, the following: payment history, number of revolving accounts, number of new accounts, the presence of collection accounts, bankruptcies and foreclosures. The information used to develop the insurance score comes from the following consumer reporting agencies: Experian, TransUnion or Equifax. Future reports may be used to update or renew your insurance. |
| WV | Your credit information is used by Markel American Insurance Company to produce a credit score. This credit score has an effect on the premium that you pay for your insurance. Markel American Insurance Company is required by the Insurance Commissioner to recheck your credit information no less than once every 36 months for changes. You have the option to request that Markel American Insurance Company recheck your credit score more frequently than once every 36 months, but you can only make this request once during any twelve-month period. If there has been a change in your credit score, Markel American Insurance Company shall re-underwrite and re-rate the policy based upon the current credit report or credit score. The change in your credit score may result in an increase or a decrease in the premium that you pay for your insurance. Any changes in your premium will take place upon renewal if your request is made at least 45 days before your renewal. If the request is made less than 45 days before your renewal date, the insurer shall re-underwrite and re-rate the policy for the following renewal. |

Applicant's Signature _____ Date 10/20/08

Producer's Signature _____ Date _____

Producer's Name (please print) _____ Producer's License No. (required in Florida) _____

MHY5002-0106

Page 3 of 3