Case 6:11-cv-01347-GLS-ATB
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Markel American Insurance Company,

                      Plaintiff,

vs.                                                         Memorandum of Law
                                                              Civil Action No.:
                                                              11-CV-1347-GLS-ATB

Darlene Walters and John Lichorowic,

                      Defendants

---

1.     A policy application cannot be altered without the written agreement of the insured.

New York State Insurance Law §3204 states as follows, where pertinent:

> Insurance Law §3204(d) states:
> No insertion in or other alteration of any written application for any such policy or contract shall be made by any person other than the applicant without his written consent, except that insertions may be made by the insurer for administrative purposes only in such manner as to indicate clearly that the insertions are not to be ascribed to the applicant. "

This statute states that Markel is not permitted to "alter" an application for coverage without the <u>written</u> consent of the insured, except for "administrative" insertions, such as the description of the boat, ID numbers, etc. To unilaterally convert an insurance policy from a no "lay up" policy to a "lay up" without first obtaining the written consent of the insured, is not permitted.

---

**Ralph W. Fusco, Esq.** : 2311 Genesee Street : Utica, New York 13501

In this case, Markel <u>accepted</u> their own quote which set forth <u>no</u> "lay up" on or before October 31, 2008 as shown by the cashed check. The quote was altered by someone, we do not know who. It may have been someone from Markel or WB Payne, the agency, but it was specifically <u>not</u> by Lichorowic or Walters. Plaintiff has failed to disclose that there was even a dispute as to this critical point of coverage. Plaintiff has also failed to provide the court with any writing from the insureds that they somehow agreed to covert the quote from Markel from a no lay up policy to a lay up policy.

A unilateral alteration of the application for this particular purchase of insurance coverage, is not permitted by §3204 of the Insurance Law.

2.  If a state court case involves a state law claim, the presumption is that the case should be tried in state court.

   *Continental Casualty Co. Vs. Robsac Industries*, 947 F.2d 1367,
   *Government Employees Ins. Co. Vs. Dizol*, 133 F.3d 1220.

The court has substantial discretion to decide or dismiss a declaratory judgment action when a case is pending in state court. *Wilton vs. Seven Falls Co.*, 515 US 277. In determining whether to dismiss, the court should consider whether (1) all of the issues raised in the declaratory complaint may be litigated in state court, (2) the majority of the issues raised are more appropriate for state-court resolution, (3) compelling federal interests are at stake (4) the federal case is too far advanced and (5) the declaratory judgment plaintiff faces danger of potentially conflicting obligations. *Travelers Insurance co. vs. Louisiana Farm Bureau*, 996 F.2d 774. The court may also dismiss a declaratory judgment action in the interest of judicial economy and for the convenience of the parties and witnesses.

It is offered that this case belongs in state court. The issue here is <u>not</u> whether the boat was damaged during a "lay up" period. Rather, the issue is whether the parties to this insurance contract ever agreed to any "lay up" restriction at all. It is a contract issue.

Lichorowic does not dispute what a "lay up" means. Rather, the dispute is that Lichorowic never agreed to it and Markel never included this restriction in the quote/offer that they submitted to Lichorowic for his acceptance. There is no requirement here for the court to interpret the policy in light of Admiralty law. This court is presented with the same issue that is before the state court, namely whether the parties agreed to a "lay up" requirement in the insurance coverage purchased by Lichorowic. All of these issues may be litigated in state court. There are no compelling federal interests in this $14,000 damage case. And though the federal case was filed on the same day as the state case, the state case was served prior to the federal case, and was therefore "pending" at the time the federal case was served.

Further, the federal case cannot afford full relief. The state case is a case for damages in which the issue of whether Lichorowic/Walters agreed to a "lay up" is central. But also a part of the state case is WB Payne, as a party defendant. WB Payne does not appear in the federal case, so that the issue of whether WB Payne altered the quote is only before the state case. There is also no potential for conflicting obligations by referring all issues to the state case, because the ultimate issue, again, is whether Lichorowic contractually agreed to a "lay up", with Markel, or whether that obligation was attempted to be imposed by an unilateral alteration of the quote by Markel or WB Payne, or both together, unknown to Lichorowic.

There is no reason to continue the federal case.

3. The motion for Summary Judgment can only be granted in the absence of a genuine issue of fact. In this case, there are sharp issues of fact and credibility, such that the motion should be denied.

   *FRCP §56*

The issue in this case is whether the parties agreed to a "lay up" requirement in

---

**Ralph W. Fusco, Esq.** : 2311 Genesee Street : Utica, New York 13501

Lichorowic's insurance policy or not. There is no dispute that Lichorowic sent in his check for $443 with his application on October 21, 2008. There is no dispute that Markel cashed that check on October 30, 2008, within the 30 day period which Markel said on the facing page of their quite was valid for 30 days.

There is documentary evidence before the court to clearly show that this quote/offer issued by Markel, was then "altered" by someone so as to change the policy from one in which Lichorowic's loss of $14,000 was covered, into one which Markel now claims does not cover this loss.

It is offered that this is a sharp dispute as to the facts, which preclude summary judgment in this case.

4.   Plaintiff should have submitted Exhibits 1-4 for this motion.

If the court deems that the plaintiff should have submitted Exhibits 1-4 in this motion, as defendant suggests, it is offered that Rule 56(g), should be considered by the court if there is any question as to whether plaintiff intended to exclude these documents. There is no question here that the defendants did not alter the policy in this case into a no "lay up" policy. It is offered that the plaintiff is aware of this issue and should have made this known to the court.

Respectfully submitted,

/s/ Ralph W. Fusco

**Ralph W. Fusco, Esq.** : 2311 Genesee Street : Utica, New York 13501