## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

MARKEL AMERICAN INSURANCE
COMPANY,                                    Civil Action No.: 11-CV-01347-GLS-ATB


                              Plaintiff,


              -v-


DARLENE WALTERS and JOHN LICHOROWIC,


                              Defendants.

---------------------------------------------------------x

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
### OF MAIC'S MOTION FOR SUMMARY JUDGMENT

   Plaintiff Markel American Insurance Company ("MAIC") maintains that summary

judgment is warranted.

   Defendants' opposition shows that there is no dispute about the following facts:

- This Court has jurisdiction over this dispute under its admiralty and maritime jurisdiction.  (Plaintiff's Statement of Material Facts ¶5).[1]

- The applicable insurance policy is the Markel Helmsman Yacht Policy issued to Defendants, Exhibit A to the Mercante Affidavit (Plaintiff's Statement ¶¶9-10; Defendants' state court Complaint ¶4 (annexed to their Answer).[2]

---

[1] Since Defendants did not submit any response to that Statement as mandated by Local Rule 7.1(a)(3), each supported statement of fact therein is deemed admitted.

[2] Although Defendants now assert that they did not accept this policy, their own state court Complaint ¶4 alleges that MAIC "insured" the vessel in October 2011 against hull damage "under policy number MHY00000014539", which is the unique number of the above policy.  That admission belies their present position.

- The Declarations page of the applicable policy contains a "Lay-Up" condition expressly requiring that the Vessel be "laid up" and "ashore" from **October 1** to **April 1** as a condition of coverage.  (Policy; Plaintiff's Statement ¶13).

- Citing Defendants' breach of the lay-up condition, MAIC did not pay for damages which took place when the Vessel was afloat and being navigated and "hit some rocks" on or about October 5, 2011.   (Plaintiff's Statement ¶16).

Likewise, two basic legal conclusions are undisputed: i) the lay-up condition is clear, unambiguous and enforceable;[3] and ii) MAIC has no liability if that condition applies to the October 5, 2011 alleged damage.

Nevertheless, Defendants essentially argue that this motion should be denied because: a) they never accepted a lay-up provision (stating that "the issue is whether the parties to this insurance contract ever agreed to any 'lay up' provision at all") (Brief at 2); b) there is an alleged factual dispute about purported additions to two 2008 pre-contractual documents; and c) this Court should abstain from hearing this action.  As demonstrated below, none of these arguments present any basis for denying summary judgment.

## POINT I

### THE EXPRESS PROVISIONS OF THE
### INSURANCE POLICY CONTROL

In order to assert that they never "agreed" to the lay up condition, Defendants attempt to avoid discussing the policy that was in effect during October 2011.  But that policy does exist, it was

---

[3] Defendants concede that: "Lichorowic does not dispute what a 'lay up' means." (Brief at 3).

received and accepted by the Defendants and it includes the lay up condition.[4]    Defendants'
statement that "There was no other agreement with Markel" beyond their 2008 application and a rate
quote (Lichorowic Affidavit at ¶4) is utterly frivolous.

**A.    Defendants Accepted Three Policies Containing the Lay Up Condition**

The <u>three</u> policies MAIC issued to Defendants each contained the exact same express lay up
condition.  The Insuring Agreement of each policy made it clear that when the Defendants accepted
the policy, they agreed to the terms stated on the Declarations Page, which include the lay-up
condition: "*By accepting this policy*, you agree that *the statements on the Declarations Page . . .
are your agreements* and representations."  Accordingly, if Defendants actually disagreed with the
lay-up condition, they should have questioned the inclusion of that condition in the *first* policy or
either of the subsequent policies.  But Defendants never questioned the lay up condition or any other
policy provision in the policies that they received.

**B.    There Was No Need for a Separate Agreement to the Lay Up Condition**

Defendants assert that they never provided "written consent" to the lay up condition.
(Lichorowic Affidavit ¶4).  MAIC had no obligation to seek a "separate" agreement from Defendants
for the lay up condition – or any other term or provision of the policy.  Requesting separate
agreements for individual provisions would be inconsistent with the accepted practice of policy

---

[4] *See* Plaintiff's Statement ¶¶9, 10; Defendants' state court Complaint ¶4 (alleging that
"policy number MHY00000014539" provided hull insurance for the Vessel in October 2011).
Defendants' last-ditch efforts to cast a shadow upon the authenticity of the policy, such as the
assertion in counsel's affidavit that this policy was not "the one accepted by defendants," cannot
avoid Defendants' admissions.  *See* Fusco Affidavit ¶4.  Significantly, *Defendants do not identify
or attach any other policy which they purportedly "accepted."*

issuance.  As a practical matter, it would be prohibitive for any insurer to seek the separate agreement of each  insured to specific provisions in each policy that it issues.

## C.      Defendants Do Not Assert Ignorance of the Lay-Up Condition

Lay up provisions are standard in the industry for yachts in the north-east, especially where winter ice increases the risk of damage to boats left in the water.  Significantly, Defendants do not assert that they did not know about the lay up condition: that they never read their insurance policy, were not aware of the lay-up condition or did not realize that they had violated that condition of coverage when they breached it by navigating their Vessel in October 2011.  Nonetheless, as MAIC previously demonstrated, purported ignorance of a policy provision is no defense since insureds are bound by written policy terms, whether read or not.  To assert that MAIC cannot enforce Defendants' breach of an express coverage condition, despite their apparent knowledge, because they never specifically "agreed" to it has no equitable, legal or factual merit.

## POINT II

## DEFENDANTS' OWN 2008 APPLICATION AND A 2008 QUOTE HAVE NO BEARING ON THEIR POLICY OBLIGATIONS

The unambiguous language of the policy, including the lay up condition, determines the obligations of both parties.  In its moving papers, MAIC previously demonstrated that: i) the Defendants accepted the policy terms when they accepted each policy; ii) the Defendants are deemed as a matter of law to have read the policy; and iii) extrinsic evidence to vary the terms of this unambiguous provision is not admissible.[5]  None of these conclusions of fact and law are disputed.

_____

[5] Since parol evidence is not admissible, there is no basis for Defendants to complain that MAIC did not present their 2008 application with its motion. (Brief at 4).  MAIC has no obligation to submit an inadmissible and irrelevant document.  In any event, that document was before the Court since a copy was attached to Defendants' Answer.

Nevertheless, Defendants insist upon presenting parol evidence: two preliminary documents before the 2008 policy, the application they purportedly executed and a "Rate Indication" (or quote) from MAIC. Even if these documents were admissible, they were not a policy of insurance and cannot change the text of the actual policy that superseded them or Defendants' obligations under the 2011 policy at issue.

**A.      The 2008 Documents Have No Bearing on the 2010-2011 Policy**

The 2008 documents cited by Defendants do not relate to the policy in effect in October 2011. They  are too attenuated in time to have any bearing here since they are separated from the policy at issue by over three years. Moreover, the two previous policies issued to Defendants contained the same lay up condition and it was those policies, rather than the 2008 preliminary documents, that were renewed. Even if the preliminary documents might arguably relate to the first policy, they were superseded when that policy was issued. It is the policy in effect during October 2011, rather than preliminary documents for an earlier policy, which controls.

**B.      The 2008 Documents are Not a Complete Contract**

On their face, the 2008 documents are only a request for insurance and a rate quote. They do not constitute an insurance policy, or even a temporary binder of insurance, much less a final contract. Rather, they are preliminary, subject to changes and the addition of the extensive terms and conditions contained in a full policy of insurance. Nobody could have reasonably believed that those documents constituted the entire policy. Under these circumstances, it would have been unreasonable to "rely" upon those documents alone as a full contract.

**C.      The Preliminary Documents Have no Bearing on Defendants' Obligations**

Defendants' statements in their application for insurance have no bearing on this motion

because MAIC is relying upon the terms and conditions set forth in the policy in effect during 2011, rather than Defendants' 2008 application. Indeed, the vast majority of policy terms are not mentioned in the application, the quotation or even a binder, but supplied by an insurer as part of the full policy that is provided later.

Defendants attempt to create an issue of fact by asserting that blank spaces in the application that they executed were filled in to identify "October" and "April" as lay up dates.[6]  Since both documents are barred as parol evidence, and have no bearing on the meaning of the policy provision at issue, 3 years later, questions about the authenticity of the application are not material for this motion.[7]  Since the documents cited by Defendants are not  material to this motion, even if they were admissible, they present no triable issue of fact which would justify denial of this motion.[8]

## POINT III

### THIS COURT SHOULD NOT ABSTAIN FROM DETERMINING THIS ADMIRALTY DISPUTE

This Court should not abstain from determining this action to enforce a lay up condition in a marine insurance policy under applicable federal marine law.  Defendants make a clearly erroneous

---

[6] In addition, there is no evidence that the typed "Rate Indication" was changed at all even though Defendants seek to conflate the two documents.

[7] Counsel for Defendants conceded that those dates were apparently inserted by their own broker, the insureds' agent, after MAIC provided him with a copy of the application that MAIC received, which included those lay up dates.

[8] *Insurance Law* §3204 cited by Defendants (Brief at 1) applies only to "life, accident or health insurance," rather than marine insurance. §3204(a)(1). Moreover, §3204(a)(2) states that no application for such insurance "shall be admissible in evidence" unless a copy is attached to the policy when issued–which was not done here.  If that statute applies, it similarly bars the admission of the 2008 preliminary documents.

argument to support abstention: that "there is no requirement for the court to interpret the policy in light of Admiralty law." (Brief at 3).  To the contrary, enforcing that condition under well-established federal marine precedents is the essence of this action.

Applicable precedents illustrate why this Court should determine issues of federal law.  In *Youell v. Exxon Corp.*, 74 F.3d 373 (2d Cir. 1996), the Second Circuit reinstated a federal declaratory judgment action involving federal maritime law which had been dismissed in favor of a state court action that had been filed first.[9]  That holding was based upon the importance of a federal court determining issues where "federal law supplies a rule of decision."  The Court explained that "federal adjudication of [such issues] will not constitute gratuitous interference with the orderly and comprehensive disposition of the state court litigation. . . . While we loathe wasting judicial resources, *it would be worse to cede federal review of an issue of federal law* merely because Exxon won the race to judgment in state court." [Internal punctuation omitted] (at 376).  That reasoning applies here except that, *a fortiori*, the state court action here was filed *after* this action, and in apparent response to the federal action.

In *Cortez v. CMG Worldwide Inc.*, 962 F. Supp. 308 (N.D.N.Y. 1997), Judge Kahn refused to abstain from determining a case involving the application of the Lanham Act.  He explained that the purpose of abstention under *Wilton v. Seven Falls*, 515 U.S. 277 (1995) is to avoid a "federal court pronouncing independently upon *state* law" since it is not the function of federal courts "to find our way through a maze of [state] statutes and decisions," citing *Wilton* and related cases.  Those

---

[9] In contrast, none of the cases cited by Defendants rely upon maritime law, or any other federal substantive law.  Moreover, *GEICO v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998), cited by Defendants, states expressly that "there is *no presumption in favor of abstention* in declaratory judgment actions generally, nor in insurance coverage cases specifically"– precisely the opposite of Defendants' assertion. (Brief at 2).

-7-

factors likewise do not apply here.  *Accord Epling v. Golden Eagle/Satellite Archery, Inc.*, 17 F. Supp.2d 207 (W.D.N.Y. 1998)(holding abstention inappropriate where issues of federal patent law were involved).[10]

MAIC submits that abstention is especially inappropriate here since the state court action was filed *subsequent* to this action and in apparent *reaction* to it.  Defendants' effort to avoid a ruling by this Court should not condoned.

## **CONCLUSION**

Since it is undisputed that the Defendants were in breach of the lay-up condition in the contract of insurance at the time of the alleged loss, summary judgment declaring that MAIC has no liability under that contract for any alleged damage to the Vessel is respectfully warranted.

Dated: March 23, 2012

Rubin, Fiorella & Friedman, LLP

By:  _____
James E. Mercante, Esq.
N.D.N.Y. Bar No. 513569
Gerald A. Greenberger
N.D.N.Y. Bar No. 106919

Attorneys for Plaintiff
Markel American Insurance Co.
292 Madison Avenue, 11th Floor
New York, New York 10017
Ph:     (212) 953-2381
Fax:    (212) 953-2462

---

[10] Applying the factors cited in *Cortez* and other cases, it is unclear whether the state court action could provide the full relief discussed by Defendants since the Complaint in that action does not articulate a claim against the Defendants' broker, but only a claim under the policy. Any determination of Defendants' obligations under the policy, however, would require the state court to apply federal admiralty law.  Moreover, abstention would be inconsistent with the timing of filing the two actions and reward forum shopping. In any event, granting this motion would not preclude Defendants from pursuing whatever state law claims they may have against their own broker.

625-21236\ReplySJBrief