**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MARKEL AMERICAN INSURANCE
COMPANY,**

                            **Plaintiff,**                    **6:11-cv-1347
                                                              (GLS/ATB)**

             **v.**

**DARLENE WALTERS** and **JOHN
LICHOROWIC,**

                            **Defendants.**
_____

## SUMMARY ORDER

Plaintiff Markel American Insurance Company (MAIC) commenced

this declaratory judgment action seeking to establish that it was entitled to

disclaim coverage under a certain maritime insurance policy because

defendants Darlene Walters and John Lichorowic breached that policy.

(*See* Compl., Dkt. No. 1.)  Pending is MAIC's motion for summary

judgment.  (*See* Dkt. No. 8.)  For the reasons that follow, the motion is

denied.

MAIC contends that the clear and unambiguous terms of the

insurance policy demonstrate that coverage would be suspended during a

certain period of time if defendants' yacht was not properly "laid up," i.e., it

was left afloat; thus, it was permissible for MAIC to disclaim coverage for

damage to the yacht that occurred during a time when the policy dictated

that the yacht be laid up.  (Dkt. No. 8, Attach. 2 at 4-9.)  Defendants

counter that they did not agree to the term in the policy upon which MAIC

relies and that the policy was altered without their knowledge or consent.[1]

(*See* Dkt. No. 12; Dkt. No. 12, Attach. 1 at 3-4.)  Given the foregoing,

summary judgment is inappropriate at this juncture.[2]  *See Wagner v.*

*Swarts*, No. 1:09-cv-652, 2011 WL 5599571, at 4 (N.D.N.Y. Nov. 17,

2011).

     **ACCORDINGLY**, it is hereby

     **ORDERED** that MAIC's motion (Dkt. No. 8) is **DENIED**; and it is

further

     **ORDERED** that MAIC's letter motion (Dkt. No. 17) is **DENIED** as

---

[1] It is noted that defendants initially failed to respond to MAIC's statement of material facts as required by N.D.N.Y. L.R. 7.1(a)(3).  (*See* Dkt. No. 12.)  However, defendants' failure is of no moment because it is apparent that summary judgment is not appropriate at this time. Moreover, MAIC's request, (*see* Dkt. Nos. 17, 18), which the court interprets as seeking to either strike defendants' second response, (*see* Dkt. No. 16), or permit a surreply, is denied as moot.

[2] The court is aware of both the parallel state court litigation involving the parties and their arguments relevant to abstention in light thereof.  (*See* Dkt. No. 7 at 4-7; Dkt. No. 8, Attach. 2 at 6-7; Dkt. No. 12, Attach. 1 at 2-3.)  Because the state court action's impact upon the instant federal litigation is unclear at this time, the court declines to stay this action or dismiss the complaint on that basis.

moot; and it is further

   **ORDERED** that the parties notify Magistrate Judge Baxter in order to

schedule further proceedings in accordance with this order; and it is further

   **ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

April 2, 2012
Albany, New York

Gary L. Sharpe
Chief Judge,
U.S. District Court

3