# Rubin, Fiorella & Friedman LLP

Attorneys at Law
292 Madison Avenue
New York, New York 10017
Telephone: (212) 953-2381
Facsimile: (212) 953-2462

Writer's Direct Dial: (212) 447-4605
E-Mail: jmercante@rubinfiorella.com

June 15, 2012

**BY ECF**

Honorable Andrew T. Baxter, United States Magistrate Judge
Federal Building and U.S. Courthouse
P.O. Box 7396
Syracuse, New York 13261-7396

      Re: **Markel American Insurance Company v. Walters**
           11-CV-1347-GLS-ATB

Dear Judge Baxter:

      We represent Plaintiff Markel American Insurance Company ("MAIC") in this action. We submit this letter motion in accordance with the Minute Entry of this Court dated June 9, 2012. Per Your Honor's instructions, we move herein to amend the complaint since the parties have been unable to resolve the dispute concerning the proposed amendment. A copy of the proposed Amended Complaint is attached as Exhibit A.

      This motion is made pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and Rule 7.1(a)(4) of this Court. Rule 15(a)(2) sets forth the standard for motions to amend, namely that: "The court shall freely give leave when justice so requires."

      MAIC seeks to amend the Complaint in light of the allegations of defendants Darlene Walters and John Lichorowic which were previously submitted to this Court in response to MAIC's motion for summary judgment. Defendants are insureds under a MAIC marine insurance policy at issue herein. Defendants asserted in papers submitted to this Court that their insurance broker, WB Payne Co., Inc., submitted an improper application for insurance to MAIC. Accordingly, MAIC seeks leave to amend its Complaint to include the broker WB Payne Co., Inc. as a party.

      Indeed, in a related state court action, Walters and Lichorowic named their broker, WB Payne Co., Inc., as a direct defendant. *John Lichorowic et al. v. Markel American Insurance Co. et al.*, 2011-002574, Supreme Court of the State of New York, County of Oneida. After MAIC filed a motion in the state court proceeding to dismiss that action on the ground that this Federal action is pending between the parties, WB Payne Co., Inc. submitted a motion for summary judgment on the same grounds. The Affirmation from counsel for WB Payne Co., Inc. recognized that while WB

June 15, 2012
Page 2

Payne was not named in the federal action, it could easily be added to the federal action. Affirmation of Daniel W. Coffey, Esq. ¶12.

On May 9, 2012, State Supreme Court Justice Bernadette Clark heard extensive oral argument concerning MAIC and WB Payne's motions to dismiss. Judge Clarke determined that this dispute involving coverage under a marine insurance policy should be heard in the federal court. She ruled from the bench:

> I'm going to stay this matter, the New York case, until the outcome of the federal case. And I've been – It's been represented that the WB Payne Agency is going to be made a party and the case will proceed.
>
> \*            \*            \*
>
> Therefore, I'm going to stay this action until the outcome of the federal case, and there will be no further proceedings in this court until I hear the status of the federal case.
>
> \*            \*            \*
>
> I'm staying this action because I believe that the matter should continue in federal court because it is a maritime case.

(Transcript of Proceedings at pages 22-23, 29). A full copy of that Transcript is attached as Exhibit B.

In response to a question from counsel for Darlene Walters and John Lichorowic about what should be told this Court about her decision, Judge Clark stated: "*You can tell him that I stayed this action to ensure that the representations by counsel are accomplished. That is, that the party, WB Payne Company, is joined in that action, . . .*" (*Id.* at 24).

On May 9, 2012, prior to making this motion, we requested the consent of Ralph Fusco, Esq., the attorney for defendants Darlene Walters and John Lichorowic, to the proposed amendment. Mr. Fusco declined to consent.

During the May 30, 2012 pre-motion conference with Your Honor, counsel for WB Payne stated no objection to amending the Complaint and noted the efficiency of hearing all claims in the federal forum. Although counsel for defendants Walters and Lichorowic objected to the proposed Amended Complaint on the ground that it did not set forth those defendants' cause(s) of action for money damages against the marine insurer and their broker, any such cause of action would be more appropriately asserted as a counter-claim or cross-claim to the Amended Complaint.

No party herein will be prejudiced if this motion is granted since there is no scheduling order in this action and there are no deadlines.

Accordingly, MAIC respectfully requests that this Court grant leave to file the proposed Amended Complaint (attached) and such other relief as this honorable Court may deem just and proper.

RUBIN, FIORELLA & FRIEDMAN LLP

June 15, 2012
Page 3

                                Respectfully,

                                *[signature]*

                                James E. Mercante, Esq.
                                N.D.N.Y. Bar No. 513569
                                Gerald A. Greenberger
                                N.D.N.Y. Bar No. 106919

JEM/GG/lm

cc:    Ralph W. Fusco, Esq.
       Attorney for Defendants
       Darlene Walters and John Lichorowic
       (By ECF; w/encs.)

       Daniel W. Coffey, Esq.
       Attorney for Non-Party
       WB Payne Co., Inc.
       (By E-Mail; w/encs.)

625-21236JudgeBsxterltr2

RUBIN, FIORELLA & FRIEDMAN LLP