## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

MARKEL AMERICAN INSURANCE
COMPANY,

Civil Action No.: 11CV-1347-GLS-
ATB

Plaintiff,

-v-

DARLENE WALTERS, JOHN LICHOROWIC and
WB PAYNE CO., INC.,

Defendants.

---------------------------------------------------------x

## AMENDED COMPLAINT

Plaintiff Markel American Insurance Company, ("MAIC") by its attorneys, Rubin, Fiorella

& Friedman, LLP, alleges upon information and belief:

1.    MAIC is an insurance company organized under the laws of Virginia which maintains

its principal place of business in Waukesha, Wisconsin.

2.    Defendants Darlene Walters and John Lichorowic (collectively, the "Insureds") are

individual citizens of the State of New York who reside at 7175 Davis Road, Rome, New York

13440.

3.    Defendant WB Payne Co., Inc. is a New York insurance broker that does business

in Utica, New York.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, including jurisdiction to declare the rights, liabilities, and duties of the parties to the contract of marine insurance described below.

5.      This is an action for declaratory relief within the admiralty and maritime jurisdiction of this Court and is brought within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rules governing admiralty and maritime claims.

6.      This Court has subject matter jurisdiction over this matter under the Admiralty and Maritime Jurisdiction of the United States District Court, 28 U.S.C. §1333, and Supplemental Jurisdiction under 28 U.S.C. §1367(a).  Specifically, this action concerns a policy of marine insurance on a vessel, which is deemed a maritime contract, and procurement of same, giving rise to admiralty and maritime jurisdiction.

7.      Actual controversies of a justiciable nature exists among MAIC, the Insureds and WB Payne Co., Inc. involving their respective rights and obligations concerning a contract of marine insurance which controversies can be determined by a judgment of this Court.

8.      This Court has personal jurisdiction over the Defendants.

9.      Venue in this district is proper since the policy was issued and delivered in the State of New York to the Insureds in Rome, New York.

## FIRST CLAIM FOR RELIEF

10.      At all times material hereto, the Insureds were the owners of a 2006 Chaparral 330 (the "Vessel").

11.      MAIC issued three substantially identical contracts of marine insurance to the

Insureds with respect to the Vessel, including a Markel Helmsman Yacht Policy effective October 24, 2010 to October 24, 2011 (the "Policy").

12.    The Policy was the second annual renewal of a policy which first incepted on October 24, 2008 and therefore, the subject policy was the third year this contract was issued to the Insureds.

13.    The Declarations Page of the insurance contract effective October 24, 2008 to October 24, 2009 issued by MAIC to the Insureds provided that the Vessel must be laid up at the end of the boating season as follows: "**Lay-Up**: Ashore **From** 10-01 **To**: 04-01."

14.    The Declarations Page of the insurance contract effective October 24, 2009 to October 24, 2010 issued by MAIC to the Insureds provided that the Vessel must be laid up at the end of the boating season as follows: "**Lay-Up**: Ashore **From** 10-01 **To**: 04-01."

15.    The Declarations Page of the insurance contract effective October 24, 20010 to October 24, 2011 issued by MAIC to the Insureds provided that the Vessel must be laid up at the end of the boating season as follows: "**Lay-Up**: Ashore **From** 10-01 **To**: 04-01."

16.    In addition, General Condition 1 of the Policy states in part:

Use of the **Insured Yacht**

> If you violate any of the following conditions, coverage will be suspended until you are no longer in violation:

> \*        \*        \*

d.    If 'Lay-Up' is shown on the Declarations Page, during the lay-up period shown:

> \*        \*        \*

If the Declarations Page indicates that lay-up is ashore, then the **insured yacht** may not be afloat.  An **insured yacht** on a permanent lift or hoist will be considered laid up ashore if it is out of commission and properly winterized.

17.     The Insureds did not lay-up the Vessel ashore prior to October 1, 2011.

18.     The Insureds continued to keep the Vessel afloat after October 1, 2011.

19.     The Insureds' failure to lay-up the Vessel ashore breached a condition of coverage for the Vessel.

20.     On or about October 7, 2011, the Vessel reportedly "hit some rocks."

21.     The Vessel "hit some rocks" while it was afloat and being navigated.

22.     As a result of hitting some rocks, the Vessel purportedly suffered physical damage.

23.     On or about October 10, 2011, the Insureds reported the loss.

24.     By letter dated October 10, 2011, Markel Service, Incorporated wrote the Insureds, denying coverage on behalf of MAIC in view of the Insureds' breaches of the above-quoted Lay-Up provision and General Condition 1(d) of the Insurance Policy.

25.     MAIC maintains that insurance coverage for the Vessel with respect to the alleged property damage described above was suspended by the Insureds' breach of the Lay-Up provision.

26.     Based on the above breach of a Policy condition of coverage, MAIC is entitled to a declaration that it has no coverage obligation with respect to the alleged property damage.

## SECOND CLAIM FOR RELIEF

27.     MAIC repeats and realleges each of the allegations set forth in paragraphs 1 through 25 as if alleged in full.

28.     WB Payne Co., Inc. acted as an insurance broker in procuring the Policy.

29.     The Insureds have alleged that the application for insurance submitted to MAIC was not submitted properly.

30.     WB Payne Co., Inc. had duties to, among other things, not to mislead MAIC, including not to submit an improper application for insurance to MAIC.

31.     If MAIC is found liable under the Policy for alleged damage to the Insureds' vessel, then any such liability shall have been caused by the actions of defendant WB Payne Co., Inc. in breach of its duties.

32.     By reason of the foregoing, MAIC is entitled in the alternative to a judgment declaring that it is entitled to indemnification, contribution and/or reimbursement for all or part of any liability under the Policy for alleged damage to the Insureds' vessel.

WHEREFORE, Plaintiff MAIC respectfully requests that this Court declare pursuant to 28 U.S.C. §2210 *et seq.* that actual controversies of a justiciable nature exist among MAIC, the Insureds and WB Payne Co., Inc. involving their respective rights and obligations concerning a contract of marine insurance issued by MAIC and:  a) on the first claim for relief, adjudge and declare that MAIC has no liability with respect to the property damage asserted by the Insureds under the Policy; b) alternatively, on the second claim for relief, ajudge and declare that WB Payne Co., Inc. shall be liable to indemnify, contribute and reimburse MAIC for any liability that MAIC may have under the Policy for alleged damage to the Insureds' vessel; and c) grant MAIC such other relief as this Court may deem just and proper.

Dated: June 26, 2012

Rubin, Fiorella & Friedman, LLP

By:  _____s//_____
James E. Mercante, Esq.
N.D.N.Y. Bar No. 513569
Gerald A. Greenberger, Esq.
N.D.N.Y. Bar No. 106919

Attorneys for Plaintiff Markel
American Insurance Co.
292 Madison Avenue, 11th Floor
New York, New York 10017
Ph:     (212) 953-2381
Fax:    (212) 953-2462