UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Markel American Insurance Company

                          Plaintiff,                **Amended Answer**
                                                          **Counterclaim**
vs.                                              **Cross Claim**
                                                     Civil Action No. 6:11-CV-1347
                                                     **(GLS/ATB)**

**Darlene Walters, John A. Lichorowic**, and
**WB Payne Co., Inc.,**

                          Defendants.

---

        The defendants, *John A. Lichorowic and Darlene Walters*, as and for an Amended Answer to the plaintiff's Amended complaint, through their attorney, Ralph W. Fusco, Esq., sets forth as follows:

        1.      **ADMITS** the allegations set forth in paragraph "2", "10", and "28" of the plaintiff's Amended Complaint.

        2.      **ADMITS** so much of paragraph "9" as alleges that the plaintiff's action was commenced in Federal Court for the Northern District of New York.

        3.      **DENIES** information or knowledge sufficient to form a belief as to the allegations set forth in paragraph "1", "3", "5", "6", "7", "8" and "29" of the plaintiff's Amended Complaint.

        4.      **DENIES** the allegations set forth in paragraphs "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "22", "23", "25", and "26" of the plaintiff's Amended Complaint.

        5.      **DENIES** paragraph "24" of the plaintiff's amended complaint, except that defendants Admit that Markel disclaimed in this case.

        6.      **DENIES** paragraph "29" of the plaintiff's amended complaint, except that defendants Admit that either Market, or WB Payne, or both, collectively "altered" the provisions of the policy issued to the defendant Walters and Lichorowic to unilaterally add

---

*Ralph W. Fusco, Esq.* : 2311 Genesee Street : Utica, New York 13501

a "lay up" restriction to which defendants never agreed.

7. **DENIES** paragraph "30" of the plaintiff's amended complaint, except that defendants Admit that both Markel and WB Payne had a duty pursuant to §3204 of the Insurance Law, not to alter or change the insurance policy to the defendants without defendants written consent.

*For a First Affirmative Defense.*

8. The insurance contract between the plaintiff and the defendants Lichorowic and Walters (hereinafter referred to as "Lichorowic"), and which was renewed, set forth no "lay up" period, and said defendants never agreed to a "lay up" restriction, so that a "lay up" requirement did not apply to defendants' policy with plaintiff to deny coverage to the defendants for the loss herein.

9. That any "lay up" restriction was unilaterally written into defendants' policy without defendants' consent in violation of Insurance Law §3204, and defendants never agreed to any "alteration" of the policy, as was committed here by either the plaintiff, or the defendant WB Payne, as agent of the plaintiff.

10. Any alleged "lay up" requirement was unilaterally imposed by either the plaintiff or the defendant WB Payne Co, Inc., after plaintiff had already agreed to terms of insurance coverage which set forth no "lay up" requirement whatsoever, so that defendants were never bound by any "lay up" requirement in this loss, and coverage was improperly denied.

*For a Counterclaim as against the plaintiff, and a Cross Claim against the defendant WB Payne Co, Inc., defendants Walters and Lichorowic set forth as follows:*

11. That at all times hereinafter mentioned, the plaintiffs were and still are residents of the County of Oneida and State of New York.

---

*Ralph W. Fusco, Esq.* : 2311 Genesee Street : Utica, New York 13501

12. That upon information and belief and at all times hereinafter mentioned, the defendant, Markel American Insurance Company was and still is a corporation duly organized and existing under and by virtue of the laws of a state other than New York, and is in the business of selling insurance policies to customers which cover property damage losses to boats.

13. That upon information and belief and at all times hereinafter mentioned, the defendant, WB Payne Co., Inc., is an insurance agency organized and existing under and by virtue of the laws of the State of New York, and which acts as broker and agent for insurance companies such as the plaintiff Markel American Insurance Company, to sell and market their insurance policies to the public at large, including the defendants Lichorowic and Walters herein.

14. That upon information and belief, on and prior to October 5, 2011, the plaintiff insured a 2006 Chaparral 330 Yacht against losses such as hull damage under policy number MHY00000014539.

15. That in October of 2008, through the plaintiffs' agent, defendant WB Payne, and the defendants Lichorowic and Walters and the plaintiff Markel entered into a policy of insurance contract whereby the plaintiff Markel would extend insurance coverage to the defendants Lichorowic and Walters for the said defendants' 2006 Chaparral 330 boat in accordance with the Rate Indication and quote dated 10/3/2008, which is attached hereto and made a part hereof.

16. That in accordance with the insurance coverage offer from the plaintiff Markel, through their agent, defendant W B Payne, coverage for the defendants' boat was offered at the rate of $886.00 in yearly premium, to extend coverage for the boat including the hull, in addition to other endorsements, yearly.

17. That specific to said offer and quote on Markel's official form, was that coverage would be extended and there would be no "lay-up" requirement, as set forth prominently on the facing page of the quote, attached hereto.

*Ralph W. Fusco, Esq.* : 2311 Genesee Street : Utica, New York 13501

18. Said quote by the terms set forth by plaintiff, itself, was "valid for 30 days", from the date of the quote, namely from 10/3/08 until 11/2/08 so that if the defendants Lichorowic and Walters were to accept this quote within 30 days, the terms of the quote would become the provisions of the insurance contract between the plaintiff and the defendants Lichorowic and Walters. In addition, the facing page stated that to accept this quote and offer, a payment of 50% down must accompany defendants' acceptance of the quote.

19. Defendant John Lichorowic for himself and the defendant Walters, did accept the contract offer from the plaintiff Markel, and did sign plaintiff's quote on 10/20/08 and within 30 days of the date of the quote and did forward a check for 50%, as requested by plaintiff, in the amount of $443.00 to the plaintiff, through plaintiff's agent, defendant WB Payne Co., Inc., which check was cashed on 10/31/08, within the thirty day quote, signifying plaintiff's agreement to the terms of the quote and coverage, in accordance with plaintiff's offer dated 10/3/08.

20. That said terms of this quote were renewed thereafter and at no time did the defendants Walters or Lichoworic ever agree to terms of coverage which were different from what was set forth in the original offer of coverage from the defendants as required by New York Insurance Law §3204 in order to change any terms in the application.

21. That the policy of insurance from the plaintiff was issued to defendants Lichorowic and Walters in the form originally offered by plaintiff and at no time did defendants Lichorowic and Walters ever agree to any change from a policy setting forth "no lay up" to a policy requiring a "lay up".

22. That on October 5, 2011, during which time all premiums had been paid, defendants suffered a covered loss to their boat in the amount of $14,105.00.

23. Defendants have duly submitted their claim for coverage of their loss to the defendants' boat, in accordance with plaintiff's agreement with defendants Walters and Lichorowic, but plaintiff has now failed and refused to pay for said loss citing conditions

*Ralph W. Fusco, Esq.* : 2311 Genesee Street : Utica, New York 13501

of coverage to which defendants have never agreed, and which have no merit to avoid payment by plaintiff.

24.     That by reason of the premises, there is due and owing to defendants Walters and Lichorowic from plaintiff and/or defendant, WB Payne Co., Inc., the sum of $14,105.00, minus the appropriate deductible, together with the costs and disbursements of this action and interest from the day of application for coverage, no part of which has been paid.

**For a Counterclaim as against the plaintiff, and a Cross Claim against the defendant WB Payne Co, Inc., defendants Walters and Lichorowic set forth as follows:**

25.     That defendants Lichorowic and Walters reallege, reiterate and reaffirm all pertinent and relevant allegations set forth hereinbefore as though fully set forth hereinafter.

26.     The original agreement among the parties in this action was that the insurance coverage issued to defendants Lichorowic and Walters by the plaintiff was for a no "lay up" policy. Defendants never agreed to any change in this provision in any "renewal". Plaintiff does not have the right to issue a "renewal" of the original policy to defendants with provisions that are unilaterally changed from the original agreement without defendants' consent or agreement. See *Lewitt & Co. vs. Jewelers Safety*, 249 NY 217.

27.     That by reason of the plaintiff's claim now that a "renewal" of the original policy contained a "lay up" restriction, defendants contend that any such change was never agreed to by defendants, and that defendants are entitled to a reformation of said claims to reflect the original agreement among the parties that the policy coverage issued to defendant contained no "lay up" restriction, and that the coverage, therefore, included the payment of the loss set forth herein.

*Ralph W. Fusco, Esq.* : 2311 Genesee Street : Utica, New York 13501

**WHEREFORE**, defendants Lichorowic and Walters demand judgment against the the plaintiff and the defendant WB Payne as follows:

a. For judgment against the plaintiff and defendant WB Payne collectively, jointly and severally, in the amount of Fourteen Thousand One Hundred Five Dollars and 00/00 ($14,105.00), minus any determined deductible with interest thereon from October 7, 2011.

b. For dismissal of any and all claims of the plaintiff and defendant WB Payne as against this answering defendant with prejudice.

c. For reformation of the contract between the defendants Lichorowic and Walters and the plaintiff and the defendant WB Payne, to reflect the original agreement among the parties that the insurance coverage issued to defendants by plaintiff was, among other things, for a policy of insurance containing no "lay up" restriction, such that coverage does extend to defendants' loss herein.

d. Together with the costs and disbursements of this action.

Dated: July 2, 2012

    Yours, etc.,

    *Ralph W. Fusco, Esq.*
    Attorney for defendants
    Lichorowic and Walters
    Office & PO Address
    2311 Genesee Street
    Utica, New York 13501
    (315) 724-3115

To: James E. Mercante, Esq.
    Rubin, Fiorella & Friedman, LLP
    Attorneys for plaintiff
    630 Third Ave. 3rd Floor
    New York, New York 10017
    (212) 953-2381

Daniel W. Coffey, Esq.
Attorney for defendant WB Payne
119 Washington Avenue
Albany, New York 12210
(518) 268-1916

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------

Markel American Insurance Company

                Plaintiff,        **Jury Demand**

vs.

                                Civil Action No. 6:11-CV-1347
                                **(GLS/ATB)**

**Darlene Walters, John A. Lichorowic**, and
**WB Payne Co., Inc.,**

                Defendants.

-----------------------------------------------------------------------

      *Please Take Notice* that the defendants, John A. Lichorowic and Darlene Walters demand that all issues in the within matter as to all claims be tried before a jury.

Dated: July 2, 2012

                                       Yours, etc.,

                                       *Ralph W. Fusco, Esq.*
                                       Attorney for defendants
                                       Lichorowic and Walters
                                       Office & PO Address
                                       2311 Genesee Street
                                       Utica, New York 13501
                                       (315) 724-3115

To:    James E. Mercante, Esq.
         Rubin, Fiorella & Friedman, LLP
         Attorneys for plaintiff
         630 Third Ave. 3rd Floor
         New York, New York 10017
         (212) 953-2381

*Ralph W. Fusco, Esq.* : 2311 Genesee Street : Utica, New York 13501

Daniel W. Coffey, Esq.
Attorney for defendant WB Payne
119 Washington Avenue
Albany, New York 12210
(518) 268-1916