UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

MARKEL AMERICAN INSURANCE
COMPANY,

                             Plaintiff,

-v-

DARLENE WALTERS, JOHN LICHOROWIC
and WB PAYNE CO., INC.,

                             Defendants.

-----------------------------------------------------------------X

Civil Action No.: 11CV-1347-GLS-ATB

## MAIC'S RESPONSE TO COUNTERCLAIMS FROM THE INSUREDS

Plaintiff Markel American Insurance Company, ("MAIC") by its attorneys, Rubin, Fiorella & Friedman, LLP, responds as follows to the Counterclaims of Defendants Darlene Walters and John A. Lichorowic (collectively, the "Insureds"):

### FIRST COUNTERCLAIM

1. MAIC admits the allegations set forth in ¶11.

2. MAIC denies the allegations set forth in ¶12, except admits that it is an insurance company organized under the laws of Virginia which maintains its principal place of business in Waukesha, Wisconsin and that it issues marine insurance policies.

3. MAIC admits that WB Payne Co., Inc. is a New York insurance broker that does business in Utica, New York, denies the allegations with respect to an agency relationship between WB Payne Co., Inc. and MAIC and denies knowledge and information sufficient to admit or deny the remaining allegations set forth in ¶13.

4. MAIC denies the allegations set forth in ¶14 except admits that MAIC issued policies of marine insurance to the Insureds with respect to their yacht and refers to those policies for their terms and conditions.

5. MAIC denies the allegations set forth in ¶15 except admits that MAIC and the Insureds entered into a contract of marine insurance during October 2008 and refers to that policy for its terms and conditions.

6. MAIC denies the allegations set forth in ¶16 except admits that MAIC submitted a proposal for marine insurance to the Insureds and refers to that proposal for its terms and conditions.

7. MAIC denies the allegations set forth in ¶17 except admits that MAIC submitted a proposal for marine insurance to the Insureds and refers to that proposal for its terms and conditions.

8. MAIC denies the allegations set forth in ¶18 except admits that MAIC submitted a proposal for marine insurance to the Insureds and refers to that proposal for its terms and conditions.

9. MAIC denies the allegations set forth in ¶19 except admits that the Insureds agreed to the terms and conditions set forth in the insurance policy issued by MAIC that incepted during October 2008 and paid the premium for that policy.

10. MAIC denies the allegations set forth in ¶20.

11. MAIC denies the allegations set forth in ¶21.

12. MAIC denies the allegations set forth in ¶22.

13. MAIC denies the allegations set forth in ¶23 except admits that MAIC denied coverage for an alleged loss on or about October 5, 2011 to the Insureds' yacht in view of the Insureds' breaches of the lay-up provision and General Condition 1(d) of the Insurance Policy.

14. MAIC denies the allegations set forth in ¶24.

### SECOND COUNTERCLAIM

15. In response to ¶25, MAIC repeats its responses to ¶¶11-24 as if set forth in full.

16. MAIC denies the allegations set forth in ¶26.

17. MAIC denies the allegations set forth in ¶27 except admits that the Insureds dispute that they agreed to the lay-up provision set forth in each of the MAIC marine policies that they received.

### FIRST AFFIRMATIVE DEFENSE

The Insureds' Counterclaims fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Insureds' failed to comply with all terms and conditions set forth in their contract of insurance with MAIC.

WHEREFORE, Plaintiff MAIC respectfully requests that this Court dismiss the Counterclaims from the Insureds against MAIC with prejudice and grant MAIC all relief sought in the Amended Complaint.

Dated: July 17, 2012                                        Rubin, Fiorella & Friedman, LLP

                                                    By:      s//
                                                         James E. Mercante, Esq.
                                                         N.D.N.Y. Bar No. 513569
                                                         Gerald A. Greenberger, Esq.
                                                         N.D.N.Y. Bar No. 106919

                                                         Attorneys for Plaintiff Markel American Insurance Co.
                                                         630 Third Ave., 3rd Floor
                                                         New York, New York 10017

Ph:   (212) 953-2381
Fax:  (212) 953-2462

S:\GGreenberger\625-21236\Ans.Counterclaims.wpd