CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MARKEL AMERICAN INSURANCE COMPANY

No. 2011 -**CV**- 1347-GLS-ATB

VS
DARLENE WALTERS, ET AL.,

**IT IS HEREBY ORDERED that,** Pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable _____Andrew T. Baxter_____, United States Magistrate Judge on _____August 17_____, __2012__ at 10:00 am at the United States Courthouse, Room No_____, at _____by telephone_____, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within **fourteen (14) days** after the date of the Rule 26(f) meeting or not later than **ten (10) days** prior to the scheduled Rule 16 conference with the Court, whichever date is earlier. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the __4th__ day of _____September_____, __2012__.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the __4th__ day of _____September_____, __2012__.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the __15th__ day of _____April_____, __2013__. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the __1st__ day of _____July_____, __2013__. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

Form Date - 06/13/2007

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:** The action will be ready to proceed to trial on or before the  1st  day of August         , 2013    . It is anticipated that the trial will take approximately  2-3   days to complete.  The parties request that the trial be held in  See Addendum  , N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND:** ☑ (YES) / ☐ (NO).

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

Yes. Yes. Yes. Defendants Walters and Lichorowic assert that State Supreme Court also has subject matter jurisdiction in the within matter, and according to New York law, the State Court matter should be the forum in which this case should be tried.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

See Addendum.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

See Addendum.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

The parties believe that there are legal issues which can properly be decided upon motion.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

Plaintiff MAIC seeks a declaration that it has no liability under its policy of marine insurance for alleged damage to the insureds' yacht.  Alternatively, it seeks a declaration that Payne is obligated to reimburse or indemnify Plaintiff for any such liability.  Defendant Payne seeks the dismissal of all claims against it. Defendants Walters and Lichorowic seek to recover $14,000 in damages less any applicable deductible in payment for defendants' boat loss.

## 12) DISCOVERY PLAN:

### A. Mandatory Disclosures

The parties will exchange the mandatory disclosures required under Rule 26(a)(I) on or before
August 31, 2012

### B. Subjects of Disclosure

The parties jointly agree that discovery will be needed to address the following subjects:
See Addendum

### C. Discovery Sequence

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

The parties anticipate beginning with written discovery, followed by depositions, and any expert disclosure and expert depositions.

### D. Written Discovery

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

Notices to Produce Documents
Interrogatories
Notices to Admit

No party presently intends to exceed the permitted number of interrogatories.

### E. Depositions

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

See Addendum

### F. Experts

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

No party presently seeks a variance from the expert disclosure requirements. Walters and Lichorowic antipate that experts will not be needed in this action.

### G. Electronic Discovery

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

The parties do not anticipate that any agreement will be needed with respect to electronic discovery.

**H.     Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

The parties are not presently aware of such issues.

**I.     Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

The parties are not presently aware of such issues.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

The parties shall discuss these issues following the completion of discovery.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

Not applicable.

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**



1--2--3--4--●--6--7--8--9--10
(VERY UNLIKELY)→ → → → → → → → → → (LIKELY)

CANNOT BE EVALUATED PRIOR TO _____(DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

***COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.***

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

[ ] ARBITRATION

[✓] MEDIATION

[ ] EARLY NEUTRAL EVALUATION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on _July 25_ at _via email_ and was attended by:
                                                         (Date)              (Place)

_Gerald A. Greenberger, Esq._ for plaintiff(s)

_Daniel W. Coffey, Esq._ for defendant(s) _WB Payne Co., Inc._
                                                                              (party name)

_Ralph W. Fusco, Esq._ for defendant(s) _Darlene Walters and John Lichorowic_
                                                                              (party name)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and return the completed form to the clerk for filing at least ten (10) days in advance of the conference date.***

Case Management Plan
Form Date - 06/13/2007

## ADDENDUM TO CIVIL CASE MANAGEMENT PLAN

5) The parties disagree about the site for trial. Defendants Walters and Lichorowic contend that the situs of the trial should be in Utica, New York because all witnesses are located in Oneida County and Plaintiffs' witnesses are from out of state and must come into New York for trial. Plaintiff Markel American Insurance Company ("MAIC") states that a determination about the place of trial need not be made at this time and should take into account the convenience and potential burdens to the Court, all parties and all counsel.

8) MAIC and Defendant WB Payne Co., Inc. (Payne") maintain that the yacht of insureds Darlene Walters and John Lichorowic was allegedly damaged during October 2011 while it was afloat and in navigation despite the "lay-up" provision in the marine insurance policy that required the vessel to be laid up and ashore prior to October 1, 2011 as a condition of coverage.

Defendants Walters and Lichorowic contend that the insurance coverage agreed to by plaintiff did not contain any "lay up" restriction, and that there never was any other agreement between the parties which changed this insurance coverage, such that the loss of the said defendants was a covered loss.

9) MAIC and Payne maintain that the disputed issues include but are not limited to: whether the insureds agreed to the "lay-up" provision in MAIC's policy; whether the insureds knew or should have known that a lay-up provision applied to their alleged damage; and who wrote the reference to a lay up period in the application for insurance received by MAIC.

Defendants Walters and Lichorowic assert that the disputed issues include but are not limited to: whether the plaintiff accepted and agreed to issue an insurance policy which contains no "lay up" restriction, and/or whether someone in the plaintiff organization or with the defendant WB Payne "altered" the insurance application to include a "lay up" restriction when such restriction was never agreed to by defendants Walters and Lichorowic, and when such alteration was otherwise made without the knowledge or consent of the defendants Walters and Lichorowic. Defendants Walters and Lichorowic dispute that there is an issue in this action as to whether the insureds "knew or should have known that a lay up provision applied", in the absence of consent and agreement by those defendants.

12) (b) MAIC and Payne maintain that discovery will be needed to address the following subjects, among others:
- The insureds' prior policies of marine insurance.
- The insureds' understanding of marine insurance.
- The process of applying for marine insurance from MAIC.
- Who wrote the reference to a lay up period in the application for insurance received

       by MAIC.

    The insureds' requests for and receipt of renewal marine insurance.

    The insureds' conduct on the date of the alleged accident.

    The nature and extent of the alleged damage and any steps taken to mitigate the damage.

Defendants Walters and Lichorwic contend that the subjects of disclosure are:
- The documents associated with the application process for boat coverage from plaintiff.
- The cost of defendants' damages.

12 (e) The parties anticipate conducting depositions of the parties or their representatives who have knowledge of the facts in issue. The parties have not agreed where the depositions shall be conducted. Defendants Walters and Lichowic contend that the depositions should take place in Oneida County because all witnesses reside in Oneida County and any witness for MAIC is out of state. MAIC maintains that the location of depositions need not be determined at this time, and should be made with an eye to the convenience, burden and costs for all concerned.

624-21236Addendum